IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANGELA BAGLEY and EULA SANDERS and LAQUINTA JOHNSON** | |
| Plaintiffs | Civil Action No. 5:23-cv-00186-SMH-MLH |
| v. | |
| **POLICE OFFICER ALEXANDER TYLER and CITY OF SHREVEPORT LOUISIANA** Defendant. | JURY TRIAL DEMANDED |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COMES Plaintiffs Eula Sanders, Tangela Bagley, and Laquinta Johnson complaining of Defendants, Police Officer Alexander Tyler and Shreveport Louisiana seeking judgment in their favor for violations of their Decedent's Fourth Amendment rights under the United States Constitution and Louisiana State Law. In support thereof, Plaintiff avers as follows:

**PARTIES**

1. Alonzo Bagley, the decedent, was at all relevant times until his death a person of the full age and majority and a resident of Shreveport Louisiana.

2. Plaintiff Tangela Bagley is the wife of Alonzo Bagley, the successor to his estate, a person of the full age and of majority, and a resident of Shreveport Louisiana. Ms. Bagley sues on behalf of herself and as the representative of the Estate of Alonzo Bagley.

3. Plaintiff Eula Sanders is the mother of Alonzo Bagley, a person of the full age and of majority, and a resident of Shreveport Louisiana.

4. Plaintiff Laquinta Johnson is the minor stepdaughter of Alonzo Bagley, a witness to his

violent death, and a resident of Shreveport Louisiana.

5. Defendant Alexander Tyler was at all relevant times, a duly appointed officer in the Shreveport Louisiana Police Department acting within the scope of his employment and under color of law. He is hereby sued in his individual and official capacity.

6. Defendant Shreveport, Louisiana is a municipality duly organized and existing under the laws of the state of Louisiana. Shreveport, Louisiana is responsible for the funding, budget, hiring, policies, operation, and oversight of the Shreveport Police Department. The Shreveport Police Department is also responsible for preventive, investigative, and enforcement services for all citizens of Shreveport.

## JURISDICTION AND VENUE

7. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of the decedent Alonzo Bagley. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

8. Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Western District of Louisiana.

## NATURE OF THE CASE

9. Plaintiffs bring this matter before the court seeking damages for the tragic and unnecessary death of their decedent Alonzo Bagley.

10. Mr. Bagley was fatally shot by police officer Alexander Tyler.

11. The lethal force used against Mr. Bagley was unjustified, unreasonable, excessive, and

in violation of Mr. Bagley's rights under the United States Constitution and the laws of the State of Louisiana.

12. Shreveport Louisiana's failure to adequately train, supervise and discipline police personnel was a moving cause of the constitutional violations suffered by Mr. Bagley.

## FACTS

13. On February 3, 2023, Defendant police officer Alexander Tyler ("Tyler") and another unidentified Shreveport police officer responded to a "disturbance" call for service at the Villa Norte Apartment Complex in Shreveport Louisiana.

14. Upon arrival, Tyler determined that the call for service was related the apartment of Alonzo and Tangela Bagley.

15. Tyler went to the Bagley apartment to investigate the source of the disturbance.

16. Tangela Bagley allowed Tyler into the apartment.

17. Tyler attempted to converse with Alonzo Bagley.

18. Alonzo Bagley declined to converse with Tyler and fled the apartment.

19. Alonzo Bagley never threatened Tyler, display a weapon, or otherwise indicated in any way that he was a threat to Tyler's safety prior to fleeing.

20. Alonzo Bailey ran behind his apartment building towards another building within the apartment complex.

21. Tyler pursued Alonzo Bagley on foot.

22. As Tyler rounded the corner of the second apartment building he saw Alonzo Bagley and immediately, fatally, shot him in the chest.

23. Alonzo Bagley was unarmed when Tyler fatally shot him.

24. Alonzo Bagley had his hands up when Tyler fatally shot him.

25. Alonzo Bagley posed no threat to Tyler or anyone else when Tyler fatally shot him.

26. Tyler's use of lethal force against an unarmed man who posed no threat is objectively unreasonable, excessive, and wholly without justification.

### Alexander Tyler's Troubling History With Shreveport Police Department

27. Tyler was permitted to operate as a uniformed Shreveport Police Officer on the day he killed Alonzo Bagley despite repeated incidents where he showed a lack of sound judgment and a lack of respect for the safety of the citizens od Shreveport.

28. Tyler was hired by Shreveport in May 2021. He had no prior law enforcement or training or higher education.

29. In July 2022, Shreveport Police Department Internal Affairs Division opened an investigation against Tyler which found that he had put the citizens of Shreveport at risk by operating his police vehicle 60-70 miles per hour over the speed limit.

30. In November 2022, Tyler was suspended without pay for 15 days for conduct unbecoming an officer.

31. In December 2022, Tyler was suspended without pay for an additional 15 days for another incident of conduct unbecoming an officer.

32. In addition to these violations, Police Chief Wayne Smith was aware of complaints that were made against Tyler for violence against citizens.

33. Despite this clear pattern of violent, unbecoming conduct, Chief Smith continued to permit Tyler to patrol Shreveport without providing additional training related to the use of force or interactions with citizens.

34. Despite this clear pattern of violent, unbecoming conduct, Tyler was not provided with direct, appropriate supervision to assure that this pattern did not continue.

35. Chief Smith had knowledge of Tyler's pattern of violent, unbecoming conduct, but made the deliberate decision to continue to allow him to operate as a uniformed officer, thus endangering the citizens of Shreveport.

## Shreveport Police Department Troubling History

36. Tyler is not the first officer to operate with impunity toward the constitutional rights of the citizens of Shreveport.

37. In June 2020, eight Shreveport Police Officers Reveion Montreze Brooks, William Cody Isenhour, D'Andre Mario Jackson, Aaron Christopher Jaudon, Christopher Owen McConnell, Brandon Marquis Walker, Mark Ordoyne, and David Francis Jr., were indicted for the use of excessive force against 2 unarmed citizens of Shreveport.

38. At the time of the indictment, then Mayor Adrian Perkins recognized that police officers were "too infrequently held accountable for bad policing".

39. In September 2020, four Shreveport Police officers, Brian Ross, James LeClair, Treona McCarter, and D'Marea Johnson, were indicted for killing an unarmed citizen of Shreveport.

40. In April 2021, Shreveport Police Officer Dylan Hudson was arrested for 2019 where he used excessive force against an unarmed citizen of Shreveport.

41. Following this remarkable widespread pattern of illegal and unconstitutional police practices, LeVette Fuller, a city councilwoman in Shreveport, publicly recognized the need for improved training, discipline, and supervision, stating: "We need a complete audit," she said. "*This is not just a matter of indicting these officers. For them to be in*

*these positions is a matter of supervision, training. They can't be completely culpable without looking at the culture of the police department."*

42. Despite the well-publicized and officially considered pattern of the use of excessive force against citizens of Shreveport, the policy makers of the City and the Police Department failed to improve training, discipline, and supervision.

43. Specifically, since Councilwoman Fuller's call for audit, oversight, and improvement, policymakers Mayor Tom Arceneaux and Chief Smith, and their predecessors, have made the conscious and deliberate decision to allow the widespread pattern of unconstitutional use of force against unarmed citizens to continue.

44. Mayor Tom Arceneaux and Chief Smith had knowledge that improvements in oversight, training, discipline, and supervision would protect the constitutional rights of the citizens of Shreveport, but they deliberately failed to do so.

45. The policymakers deliberate indifference to the widespread pattern of unconstitutional use of force against unarmed citizens was a moving force in the constitutional violations suffered by Alonzo Bagley in that it permitted Tyler to operate as a police officer despite having a troubling history of misconduct and despite having deficient training and supervision.

## **WRONGFUL DEATH - LA C.C. Art. 2315.2.**

46. Plaintiffs hereby brings a Wrongful Death claim pursuant to LA C.C. Art. 2315.2.

47. The actions of the Defendant officer Alexander Tyler caused the death of Alonzo Bagley.

48. Plaintiffs claim all available damages under the Louisiana Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection,

guidance, tutelage, and contribution that the Plaintiff's decedent, Alonzo Bagley, would have rendered but for his traumatic, untimely and unnatural death.

49. Plaintiff claims damages for payment for all medical expense, funeral expenses, and burial expenses.

## SURVIVAL ACTION - LA C.C. Art. 2315.1

50. Plaintiff Tangela Bagley hereby brings a Survival Action under the Louisiana Survival Statute, LA C.C. Art. 2315.1,

51. Plaintiff Tangela Bagley claims all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as, pain and suffering prior to death, and for emotional distress suffered by Alonzo Bagley from the initiation of the attack upon him until the ultimate time of his death.

## COUNT I: 42 U.S.C. § 1983 EXCESSIVE FORCE
*Plaintiffs v. Officer Alexander Tyler*

1. The preceding paragraphs are incorporated by reference as though laid out fully herein.

2. Officer Alexander Tyler shot Alonzo Bagley which caused him mental anguish, pain, agony and untimely death.

3. Officer Alexander Tyler's conduct was intentional, excessive, and objectively unreasonable.

4. Officer Alexander Tyler was acting under color of state law.

5. Plaintiffs seek damages, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available damages available under the law.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against Defendants in excess of ten million dollars ($10,000,000) including interest, delay damages, costs of suit, general and

specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law.

### COUNT II: BATTERY
*Plaintiffs v. Officer Alexander Tyler*

6. The preceding paragraphs are incorporated by reference as though laid out fully herein.

7. Officer Alexander Tyler shot Alonzo Bagley which caused him mental anguish, pain, agony and untimely death.

8. Officer Alexander Tyler's conduct was intentional, harmful, and offensive.

9. Plaintiffs seek damages, including for the nature and extent of Alonzo Bagley's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available damages available under the law.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against Defendants in excess of ten million dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law.

### COUNT III: La. C.C. Art. 2315.6 BYSTANDER RECOVERY
*Laquinta Johnson and Tangela Bagley v. Officer Alexander Tyler*

10. The preceding paragraphs are incorporated by reference as though laid out fully herein.

11. Officer Alexander Tyler shot Alonzo Bagley which caused him injury.

12. Plaintiff Laquinta Johnson Officer witnessed Alexander Tyler's conduct which caused her mental anguish and emotional distress.

13. Plaintiff Tangela Bagley came upon the scene that resulted from Alexander Tyler's conduct which caused her mental anguish and emotional distress.

14. Officer Alexander Tyler's conduct was of a type that a reasonable person should expect

to cause emotional distress.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against Defendants in excess of ten million dollars ($10,000,000) including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law.

**COUNT IV: MUNICIPAL LIABILITY**
*Plaintiffs v. City of Shreveport*

1. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

2. The customs, practices, and policies of the Shreveport were a moving force behind Defendant Tyler's violation of Alonzo Bagley's constitutional rights.

3. Alonzo Bagley was deprived of rights and privileges secured to her by the United States Constitution and by other laws of the United States, by Shreveport through its many failures addressed *supra.*

4. Policymakers Tom Arceneaux and Wayne Smith knew of the failures of the Shreveport Police Department as discussed herein but failed to take the necessary steps to rectify the failures and adequately protect the constitutional rights of the citizens of Shreveport. .

5. These failures and the refusal to rectify them were the moving force behind the deprivation of Alonzo Bagley's constitutional rights.

6. Plaintiffs seek survival damages, as stated above, including for the nature and extent of Alonzo Bagley's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiffs demand judgment in their favor, and against Defendants in excess of ten million dollars ($10,000,000) including interest, delay damages, costs of suit,

general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law.

Respectfully Submitted,

*/s/ Ronald Haley*
Ronald Haley, Esquire
HALEY AND ASSOCIATES
8211 Goodwood Blvd Ste E,
Baton Rouge, LA 70806

*/s/ Mark V. Maguire*
Mark V. Maguire, Esquire
McELDREW PURTELL
123 South Broad Street
Philadelphia, PA 19109

(Pro hac vice petition forthcoming)
