UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TANGELA BAGLEY, et al** * | | **CASE NO. 5:23-cv-00186** |
| * | | |
| **VERSUS** * | | **DISTRICT JUDGE HICKS** |
| * | | |
| **OFFICER ALEXANDER TYLER, et al** * | | **MAGISTRATE HORNSBY** |

### MOTION FOR PROTECTIVE ORDER

NOW INTO COURT, through undersigned counsel, come Defendants, the City of Shreveport and Alexander Tyler ("Defendants"), who respectfully move for a protective order on the following grounds:

1.

Plaintiffs filed this civil rights suit pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth Amendment and seeking damages for the death of Alonzo Bagley, who died on February 3, 2023, following a fatal shooting by Officer Alexander Tyler. (Docs. 1 and 5).

2.

As a result of the events on February 3, 2023, Officer Tyler was indicted by a grand jury sitting in and for the First Judicial District Court, Caddo Parish, Louisiana, on one count of malfeasance in office and one count of negligent homicide. *See* 1st JDC, Caddo Parish, Louisiana, Docket No. 393873. Those charges remain pending and no trial date has been set.

3.

Defendants show that the materials that will necessarily need to be produced in

discovery in this matter are presently exempt from disclosure pursuant to the Louisiana Public Records Act. Specifically, La. R.S. § 44:3 exempts "[r]ecords pertaining to pending criminal litigation" from disclosure "until such litigation has been finally adjudicated or otherwise settled," and such exemption is necessary to ensure a fair and impartial trial of the defendant. Defendants further show that the materials to be produced contain personal, financial, and confidential information related to Officer Tyler as well as third parties not related to this suit, and respectfully request that this Honorable Court enter a protective order to prohibit dissemination of such materials except as necessary for the presentation of the claims or defenses to be asserted in this matter. *See* Fed. R. Civ. P. 26; *Williams v. Connick,* 2014 U.S. Dist. LEXIS 39342 (E.D.La. 3/25/14) (ordering that personnel files and investigative/complaint records produced in response to discovery "be confined in their use to this litigation" "[d]ue to the sensitive nature of many of the documents that will be produced here"); *Walters v. Breaux,* 200 F.R.D. 271 (W.D.La. 4/17/01) (same).

4.

Undersigned counsel certifies that she has twice notified Plaintiffs' counsel of her intent to request the proposed protective order, once via email on July 29, 2023 at 2:49 p.m., and again on August 17, 2023 at 2:39 p.m., but no response has been received.

WHEREFORE, the Defendants pray that the proposed protective order be issued prohibiting the dissemination of confidential information, including information that is related to pending criminal investigations and/or prosecutions, except as necessary for the presentation of the claims and defenses to be asserted in this matter.

Respectfully submitted,

**CARMOUCHE, BOKENFOHR, BUCKLE & DAY**

BY: _/s/ Nichole M. Buckle_
      Nichole M. Buckle, LA Bar No. 32113
      Amy Gardner Day, LA Bar No. 33138
One Bellemead Center
6425 Youree Drive, Suite 380
Shreveport, Louisiana 71105
Phone: (318) 629-0014
Fax: (318) 404-1571
Email: nikki@cbbd.law

**ATTORNEYS FOR DEFENDANTS**